# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### NO. 3:09cv_____

ELLEN BANK,

      Plaintiff,

    vs.

BARCLAYS BANK PLC; BARCLAYS
BANK PLC GROUP MEDICAL PLAN;
BARCLAYS BANK PLC GROUP DENTAL
PLAN; THE PENSION/THRIFT COMMITTEE OF
BARCLAYS BANK PLC, AND BARCLAYS
BANK PLC U.S.A. STAFF PENSION PLAN,

      DEFENDANTS

## COMPLAINT

### PARTIES

1.    Plaintiff is a citizen and resident of Mecklenburg County, North Carolina.

2.    Defendant Barclays Bank PLC is a foreign corporation that regularly does business in the State of North Carolina. It serves as Plan Sponsor and Plan Administrator for the Barclays Bank PLC Group Medical Plan and the Barclays Bank PLC Group Dental Plan. It also serves as Plan Sponsor of the Barclays Bank PLC U.S.A. Staff Pension Plan.

3.    Defendant Barclays Bank PLC Group Medical Plan (the "group Medical Plan") is a welfare benefit plan organized under and subject to the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1101, *et seq.*

4.    Defendant Barclays Bank PLC Group Dental Plan (the "group Dental Plan") is a welfare benefit plan organized under and subject to the provisions of ERISA, 29 U.S.C. 1101, *et seq.*

1

5.      The Pension/Thrift Committee of Barclays Bank PLC is the Plan Administrator of the Barclays Bank PLC U.S.A. Staff Pension Plan.

6.      Defendant Barclays Bank PLC U.S.A. Staff Pension Plan (the "Pension Plan") is a retirement or pension benefit plan organized under and subject to the provisions of ERISA, 29 U.S.C. 1101, *et seq*. Barclays Bank PLC is the Plan Sponsor. The Pension/Thrift Committee of Barclays Bank PLC is the Plan Administrator.

7.      The Plan Administrators for all three defendants have delegated responsibility for administering benefits and making benefit determinations to the Pension Support division within Human Resources Department of Barclays Capital, and to USI, a benefit management company.

8.      The Pension Support division within Human Resources Department of Barclays Capital, and USI have served as agents of the defendant Plan Administrators and as agents of the defendant Plans with respect to the specific actions alleged in this complaint.

JURISDICTION AND VENUE

9.      This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce her rights under ERISA, as allowed by 29 U.S.C. §1132. Venue in the Western District of North Carolina is appropriate because Plaintiff resides in this district and Defendants do business in this district.

FACTUAL ALLEGATIONS

10.      Plaintiff was employed by Barclays Commercial Group before it was acquired by CIT Group Holdings in 1994. As a result of the acquisition, Plaintiff's employment with Barclays Commercial Group ended effective February 28, 1994.

11.      Prior to the acquisition of Barclays Commercial Group by CIT, Plaintiff had earned had 15.157 vested years of service in the Barclays Bank PLC U.S.A. Staff Pension Plan. She therefore was eligible to receive a pension benefit when she reached retirement age.

12.      In addition to being eligible to receive pension benefits under the retirement plan, plaintiff

2

was eligible to receive group health and dental benefits under the group Medical Plan and the group Dental Plan.

13.    From February 28, 1994 until June 30, 2009, Plaintiff was employed continuously by CIT.

14.    As Plaintiff approached her sixty-second birthday, she had the option of retiring early from her employment with CIT. A significant consideration for plaintiff in making the decision to retire early was her vested entitlement to group health and dental benefits under Defendants' plans.

15.    To confirm that she indeed was eligible to receive group medical and dental benefits as a retiree, Plaintiff wrote to the Barclays Pension Support office within the Plan Sponsor's Human Resources Department on July 11, 2007, asking for confirmation that she had retiree insurance. A copy of her letter is attached as Exhibit 1 and incorporated herein by reference.

16.    The Barclays Pension Support office, through USI, responded to July 11, 2007 with a letter dated October 18, 2007, notifying Plaintiff that she was not eligible for retirement insurance coverage. The letter also notified her of her appeal rights provided by ERISA. A copy of this letter is attached as Exhibit 2 and incorporated herein by reference.

17.    Plaintiff exercised her appeal rights in a letter dated November 1, 2007. A copy of this letter is attached as Exhibit 3 and incorporated herein by reference.

18.    While Plaintiff's administrative appeal was pending, she received periodic communications from defendants' agents, informing her that the review was under investigation and that she could expect a determination at the conclusion of their investigation.

19.    Finally, on August 11, 2008, Plaintiff received a letter from the Barclays Capital Human Resources Department concluding that Plaintiff is eligible for retiree medical and dental benefits. A copy is attached as Exhibit 4 and incorporated herein by referenced. The letter stated, in part:

> Upon your retirement and application for pension benefits you would become eligible to receive Barclay retiree medical and dental benefits. Please note that based on your current age, your medical premium would be based on Barclays retiree under 65 rates. Once you elect to retire you will receive a retirement package. The package will include the forms you will need to complete, documentation required such as proof of birth and your monthly medical premium will be communicated at that time.

3

20.     The letter was signed by Monica Skelly.  Upon information and belief, Monica Skelly has executed Form 5500 filings on behalf of the plan administrator for all three of the Plans who are defendants in this action.

21.     In reliance upon this final determination by defendants that she was eligible to receive group medical and dental benefits, Plaintiff retired from CIT, effective June 30, 2009.

22.     Upon her retirement, Plaintiff began receiving pension benefits as of August 1, 2009 from the Barclays American Corporation Retirement Plan.

23.     Plaintiff also is eligible to receive retiree medical benefits under the Barclays Bank PLC Group Medical Plan and Group Dental Plan.

24.     Plaintiff would not have retired if she had not received confirmation from Defendants that indeed she is eligible to receive Barclays retiree medical and dental benefits.

25.     On her last day of employment with CIT, June 30, 2009, Monica Skelly called Ellen Bank and, for the first time, told her that defendants were not certain that they were going to allow Plaintiff to receive group medical and dental benefits, in direct contradiction with the earlier benefit determination following an administrative appeal and review process by the plan administrator.

26.     The following day, July 1, 2009, Ms. Skelly called Plaintiff again and informed her that she would be eligible to receive health and dental benefits as a retiree, and that premium deductions would be made from her retirement benefits.

27.     Although premiums initially were deducted from Plaintiff's monthly pension payments to cover the cost of her retiree medical and dental benefits, she never received confirmation of her coverage under the medical and dental plans.  Instead, on or about September 5, 2009, defendants credited plaintiff's checking account with the group medical and dental benefit premiums that previously had been deducted from her retirement benefits.

28.     Defendants' failure to afford Plaintiff her retiree medical and dental plan coverage has

4

caused and continues to cause serious problems for her. She has had to cancel scheduled medical appointments because she has not received a health benefit card or confirmation of coverage. She ran out of prescription medicine.

29.     Plaintiff has exhausted her administrative remedies, and the claim is ripe for judicial review.

### FIRST CLAIM FOR RELIEF:
### WRONGFUL DENIAL OF BENEFITS UNDER ERISA
### 29 U.S.C. 1132(a)(1)(B)

30.     Defendants have wrongfully denied group health and dental insurance benefits to Plaintiff in violation of the policy provisions and ERISA, because:

      a.  Defendants have already concluded that plaintiff is eligible to receive group health and dental benefits as a retire following an administrative appeal and review process;

      b.  Plaintiff is eligible to receive benefits under the terms of the applicable Plans; and

      c.  Defendants have abused their discretion in denying coverage.

31.     As a result of the conduct of Defendants, Plaintiff has suffered damages and is entitled to reimbursement of her reasonable medical expenses, attorney fees and costs.

### SECOND CLAIM FOR RELIEF:
### STATUTORY DAMAGES FOR FAILURE TO PRODUCE DOCUMENTS
### REQUIRED BY ERISA, 29 U.S.C. §§ 1024(b)(4) and 1132

32.     On November 1, 2007, when Plaintiff initially appealed the adverse benefit determination, she also requested "copies of the relevant plan document and summary plan description." This written request was delivered to Barclays Pension Support Group, to whom the Plan Administrators have delegated responsibility for various plan administrative functions. A copy of her request is attached as Exhibit 3 and incorporated herein by reference.

33.     Defendants never furnished the plan documents, in violation of ERISA provisions which require that the documents be furnished within thirty days of a plan beneficiary's request.

5

34.     Plaintiff is entitled to recover statutory damages from Defendants, Barclays Bank PLC and The Pension/Thrift Committee of Barclays Bank PLC, calculated at the rate of $110 per day, from December 1, 2007 (thirty days after the date of Plaintiff's November 1, 2007 request), and continuing until the correct documents are produced, pursuant to 29 U.S.C. § 1021 and 29 U.S.C. § 1133.

WHEREFORE, Plaintiff prays that the Court:

1.  Grant Plaintiff declaratory and injunctive relief, finding that Plaintiff is entitled to enrollment and coverage under defendants' group medical and dental plans, and that Defendants jointly and severally be ordered to enroll Plaintiff in the plans and provide the benefits owed;

2.  Grant Plaintiff injunctive relief, ordering defendants to pay for the medical and replacement insurance costs that she has incurred as a result of defendants' wrongful refusal of coverage;

3.  Enter an order granting Plaintiff statutory damages, at the rate of $110 per day per separate offense, for defendants' failure to produce relevant documents, pursuant to 29 U.S.C. Section 1132 (c).

4.  Enter an order awarding Plaintiff all reasonable attorney fees and expenses incurred as a result of Defendants' wrongful conduct in denying coverage of Plaintiff's claim; and

5.  Enter an award for such other relief as the Court finds just and proper.

/s/Edward G. Connette

Edward G. Connette
N.C. Bar No. 9172

Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203-4727
Ph: 704/377-4300
Fax: 704/372-1357

E-mail: EConnette@EssexRichards.com

*Attorney for Plaintiff*

6

July 11, 2007

Johana Rodriquez
Barclays Pension Support
470 Park Avenue South 6th floor
New York, New York  10016

Dear Johana,

I am not retiring in the near future, but will be 60 on my next birthday.  I want to
determine what the retiree benefits are at the point I do decide to retire.
I was hired on 3/12/79 and continued with BarclaysAmerican until it was sold to The CIT
Group.  I'm particularly interested to know if I have retiree insurance with Barclays.
Can you please let me know what benefits will be available to me upon retirement?


[ personal identifying information redacted ]


Thank you for your assistance.

Sincerely,


Ellen Ann Bank

[ personal identifying information redacted ]


EXHIBIT

1



200 Park Avenue
New York NY 10166
USA

Tel +1 (212) 412 4000

October 18, 2007

Ms. Ellen Bank
237 Cottage Place
Charlotte, NC 28207

Dear Ms. Bank:

In response to your inquiry regarding your eligibility for retirement insurance coverage, we have carefully reviewed your employment history and years of service. Based on this information, you are not eligible for retirement insurance coverage at the time of your actual retirement.

Please note that you have the right to appeal this benefit denial if you disagree with our determination. In order to appeal, you must submit a written request for appeal to us at the address below, within 60 days of your receipt of this letter. If we do not receive your written request for appeal by December 17, 2007, you will lose any further right to appeal.

To support your appeal, please provide us with documentation that will provide evidence that establishes your right to receive this benefit upon your retirement.

In your letter of appeal, you may request a reasonable extension of the 60-day period, if necessary to enable you to assemble the necessary documentation. You also have the right to request copies of certain information that you believe may be relevant to your case, such as the Plan document or the Plan's Summary Plan Description. You also may request copies of the employment records (excluding any confidential information) upon which we based our initial decision. Please note that there will be a minimal charge for copies and mailing costs, which you will have to pay in advance of receiving these documents. We will respond to your appeal within 90 days of its receipt. However, if we need further time to render a decision, we will advise you that we have extended our decision-making period to 180 days.

Please contact the Barclays Pension Support Group @ USI at 470 Park Avenue South, 6th Floor, New York, NY 10016 or 1-800-646-5820 if you have any questions regarding the denial of benefits or your rights of appeal.

Sincerely,


Barclays Pension Support Group @ USI



EXHIBIT

November 1, 2007

Barclay's Pension Support Group
200 park Avenue
New York, New York 10166

Pursuant to the attached letter of October 18, 2007, denying me
retiree medical benefits, I hereby request a 60-day extension of
the period in which to file an appeal of this denial in order to
permit me to assemble the necessary documentation. In that
regard, please furnish me with copies of the relevant plan
document and the summary plan description. I understand that
there will be a minimal charge for the copying and mailing costs,
which I will pay in advance. I need the plan document and the
summary plan description in order for me to determine whether
or not I am eligible for retiree medical benefits. The benefit
denial merely indicated that based upon my employment history
and service, I am not eligible for such benefits. That response
does not comply with the standards set forth in the regulations
regarding benefit denials 29 C.F.R. – 2560.503-1(g)(I), in that it
fails to set forth:

    (i)    The specific reason, or reasons, for the adverse
        determination;

    (ii)   Reference to the specific plan provisions on which the
        determination was based;

So that I may properly prepare my appeal, please indicate the
specific plan provisions on which my denial was based.

Sincerely,


Ellen Ann Bank
237 Cottage Place
Charlotte, NC 28207



EXHIBIT
3

 **BARCLAYS CAPITAL**

August 11, 2008

Ms. Ellen Ann Bank
237 Cottage Place
Charlotte, NC 28207

Re: Barclays Bank PLC Retiree Medical Benefits:

Dear Ms. Bank,

After a thorough review of our records and based on the facts of your employment history. Barclays determined you are eligible for retiree medical benefits. The decision was based on various components including your years of service (15.157), hire date 3/12/1979, term 2/28/1994, and a review of the sale agreement between Barclays Commercial Group and CIT Group holdings.

Upon your retirement and application for pension benefits you would become eligible to receive Barclay retiree medical and dental benefits. Please note that based on your current age, your medical premium would be based on Barclays retiree under 65 rates. Once you elect to retire you will receive a retirement package. The package will include the forms you will need to complete, documentation required such as proof of birth and your monthly medical premium will be communicated at that time. Please keep in mind Barclays reserves the right to amend or terminate the retiree medical benefits at any time. Any such changes will be communicated to you at such time.

Thank you for your patience, should you have any questions please contact me at (212) 412-1365.

Sincerely

*Monica Skelly*

Monica Skelly
HR Benefits

EXHIBIT
4